IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Sandra L. Senger,

    Plaintiff,

vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

Civil No. 04-1062-AA
OPINION AND ORDER

---

Alan Graf
Kimberly Tucker
Alan Stuart Graf, P.C.
1020 SW Taylor St., Suite 230
Portland, Oregon 97205
    Attorneys for plaintiff

Karin Immergut
United States Attorney
District of Oregon
Craig Casey
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

Thomas Elsberry
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075
    Attorneys for defendant

///

///

1   - OPINION AND ORDER

AIKEN, Judge:

Claimant, Sandra Senger, brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner. The Commissioner denied the plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. 42 U.S.C. §§ 1381-83(f). For the reasons set forth below, the Commissioner's decision is reversed and remanded for payment of benefits.

## PROCEDURAL BACKGROUND

The plaintiff protectively applied for Supplemental Security Income on August 3, 2001, alleging disability as of June 15, 2001. Tr. 15, 88-90. She alleged disability due to hepatitis C, bipolar II disorder, a heart condition with mitral valve prolapse and a pacemaker, pain, and fatigue. Tr. 16, 96, 102. Additional impairments have since been added. Tr. 16. The plaintiff's application was denied initially and on reconsideration. Tr. 15, 31, 38. A hearing was held before an Administrative Law Judge (ALJ) on July 30, 2003, and a supplemental hearing was held on December 9, 2003. Tr. 15, 897-935, 936-954. The ALJ denied the plaintiff's application, ruling that the plaintiff was not disabled because she could work as a document microfilmer or as a plastic extruder machine operator. Tr. 15-27. The Appeals Council denied the plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. 6-8. See 20 C.F.R. §§ 404.210, 416.1481.

2   - OPINION AND ORDER

## STATEMENT OF THE FACTS

The plaintiff was 46 years old at the time of the ALJ's decision. Tr. 16. She has the equivalent of a high school education, and her past work experience includes deli worker, service station attendant, bartender, and caretaker. Tr. 16. The plaintiff alleges she is unable to work due to limitations caused by hepatitis C, bipolar II disorder, a heart condition with mitral valve prolapse and a pacemaker, pain, fatigue, a personality disorder, post-traumatic stress disorder, arthritis and spondylolisthesis in her back, degenerative joint disease in her knees, thumb, and shoulders, and headaches. Tr. 16, 96, 102, 156. The relevant medical evidence is discussed below.

## STANDARD OF REVIEW

This court must affirm the Secretary's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the plaintiff must demonstrate an "inability to engage in any substantial gainful

3 - OPINION AND ORDER

activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A).

The Secretary has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1502, 416.920. First the Secretary determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Yuckert, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

In step two the Secretary determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; see 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three the Secretary determines whether the impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." Id.; see 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Secretary proceeds to step four. Yuckert, 482 U.S. at 141.

In step four the Secretary determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, she is not disabled. If she cannot perform past relevant work, the burden shifts to the Secretary.

4  - OPINION AND ORDER

In step five, the Secretary must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; see 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Secretary meets this burden and proves that the claimant is able to perform other work which exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

In the plaintiff's case, the ALJ found at step one that the plaintiff had not engaged in substantial gainful activity since her alleged disability onset date. Tr. 26, Finding 1. This finding is not in dispute.

At step two, the ALJ found that the plaintiff had a "vertebrogenic impairment," osteoarthritis, reactive airway disease, inactive hepatitis C, "some degree of diabetes," depression, anxiety, and personality disorders, and "an extensive history of substance abuse." Tr. 17, 26, Finding 2. This finding is not in dispute. However, the plaintiff argues that she has additional severe impairments.

At step three, the ALJ found that the plaintiff's impairments did not meet or equal the requirements of a listed impairment. Tr. 26, Finding 3. This finding is in dispute.

The ALJ determined that the plaintiff had the residual functional capacity to perform light work with the limitation of occasional use of ladders, ropes, scaffolds, stooping, kneeling, crouching, and crawling. Tr. 24, 26, Finding 6. The ALJ also determined that the plaintiff was capable of one, two, and three step instructions and tasks, with moderate limitations on the ability to: understand and remember detailed instructions, carry out detailed instructions, maintain

5    - OPINION AND ORDER

attention and concentration for extended periods, and interact appropriately with the general public. Tr. 24, 26, Finding 11. These findings are in dispute.

At step four, the ALJ found that the plaintiff was not able to perform her past relevant work. Tr. 24, 26, Finding 7. This finding is not in dispute.

At step five, the ALJ found that, based on the above residual functional capacity, the plaintiff could perform work existing in significant numbers in the national economy; specifically noting the positions identified by the vocational expert: document microfilmer and plastic extruder machine operator. Tr. 25-27, Finding 12. This finding is in dispute.

The plaintiff alleges that the ALJ erred by improperly rejecting the treating and examining physician's opinions, failing to consider her combined impairments at step three, improperly finding some of her impairments non-severe, improperly rejecting the plaintiff's testimony, and reaching unsupported conclusions in steps four and five.

## DISCUSSION

The plaintiff argues that the ALJ's rejection of the opinions of the plaintiff's treating physicians is not supported by substantial evidence and is based on improper legal standards. The defendant argues that the ALJ properly evaluated the medical evidence and supported this evaluation with specific and legitimate reasons; therefore, the ALJ's rejection of the opinions of the plaintiff's treating physicians is proper and should be affirmed.

Treating physicians are employed to cure and have greater

opportunity to know and observe their patients; as such their opinions are given greater weight than opinions of other physicians. Rodriguez v. Bowen, 876 F.2d 759, 761-62 (9th Cir. 1989). However, an ALJ "need not accept a treating physician's opinion that is conclusory and brief and unsupported by clinical findings." Batson v. Comm'r. of Soc. Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004). The ALJ may reject the contradicted medical opinions of treating physicians if the ALJ "makes findings setting forth specific and legitimate reasons for doing so that are based on substantial evidence in the record." Magallenes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). Substantial evidence may include a non-examining physician's opinion if the opinion is consistent with other independent evidence in the record. Lester v. Chater, 81 F.3d 821, 830-31. (9th Cir. 1996). However, the opinion of a non-examining physician "cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." Lester, 81 F.3d at 831; see also, Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984).

1. Dr. Nolan's Opinion

The plaintiff contends that the ALJ improperly rejected the opinion of Dr. Nolan, one of the plaintiff's treating physicians. Specifically, the ALJ rejected Dr. Nolan's opinion that plaintiff's back pain is substantial enough to limit her activity and mandate frequent breaks. Tr. 18. The ALJ's basis for rejecting this opinion was that "Dr. Bruton testified that the balance of the record and additional testing indicate that the claimant is capable of much more" than the functional capacity

7    - OPINION AND ORDER

described by Dr. Nolan. Id. The defendant argues that the ALJ correctly rejected Dr. Nolan's opinion because it is not supported by objective evidence in the record and because plaintiff's back pain had improved.

An examination of the plaintiff's medical record shows that there is considerable objective evidence supporting Dr. Nolan's opinion as to the degree of plaintiff's back pain. The plaintiff had previously undergone four back surgeries to remedy her back problems. Tr. 386. The plaintiff had also sought treatment and diagnosis for her continuing back pain since those surgeries. A lumbar CT scan in 2000 revealed mild spinal stenosis at L3-4, post-surgery and degenerative changes at L4-5, and post-surgical and degenerative changes at L5-S1 with possible bilateral neural foraminal narrowing. Tr. 283. A lumbar diagnostic image in April 2001 showed degenerative changes in her lower lumbar spine with "marked narrowing" at L4-5. Tr. 327. In October 2001 the plaintiff went to the emergency room for back pain, and had an MRI which showed grade 1 spondylolisthesis[1] and spondylitic changes. Tr. 629. A lumbar x-ray in December 2001 showed degenerative joint and postoperative changes as well as loss of disc space from L4 to S1 with anterior spondylolisthesis of L4 on L5. Tr. 449. These medical findings constitute objective evidence supporting Dr. Nolan's opinion of the severity and impact of plaintiff's back pain, contradicting defendant's contention that Dr. Nolan's opinion was unsupported.

---

[1] Spondylolisthesis is "forward slippage of a lumbar vertebra on the vertebra below it." National Institutes of Health, MedlinePlus Medical Encyclopedia, at <http://www.nlm.nih.gov/medlineplus/ency/article/001260.htm>.

8   - OPINION AND ORDER

In addition to arguing a lack of objective evidence supporting Dr. Nolan's opinion, defendant reiterates Dr. Bruton's opinion that plaintiff's back pain "must have cleared up" because there was no mention of it at a physical in December 2001. Defendant's Brief p. 10, Tr. 915. However, in January 2002, the plaintiff was "markedly tender in the lumbar spine on exam, particularly at L5-S1." Tr. 656. Furthermore, in January 2003 Dr. Nolan twice noted back pain. Tr. 844. These more recent episodes of back pain indicate that plaintiff's pain had not ceased by December 2001, and contradict defendant's claim that it should not be a basis for rejecting Dr. Nolan's opinion as to plaintiff's limitations.

In rejecting Dr. Nolan's opinion, the ALJ relied on Dr. Bruton's testimony and argued there was a lack of objective evidence to support the opinion. While an ALJ "need not accept a treating physician's opinion that is conclusory and brief and unsupported by clinical findings[,]" Dr. Nolan's opinion was supported by the long list of objective evidence regarding plaintiff's back pain and the fact that the plaintiff's back pain had not improved. Batson, 359 F.3d at 1195. The opinion of a non-examining physician "cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." Lester, 81 F.3d at 831. Therefore, the ALJ erred in basing his rejection of Dr. Nolan's opinion on Dr. Bruton's testimony.

For the above reasons, the ALJ erred in rejecting Dr. Nolan's opinion that plaintiff's back pain limits her activity and mandates frequent breaks.

9 - OPINION AND ORDER

## 2. Dr. Taylor's Opinion

The plaintiff also contends that the ALJ erred in rejecting the opinion of Dr. Taylor, the plaintiff's psychiatrist. The ALJ rejected Dr. Taylor's opinion that the plaintiff's mental impairments would likely keep her from sustaining full-time work because "[Dr. Taylor] bases this assessment on four contacts with the claimant" and the opinion "does not cover the appropriate factors involved in determining disability, is a function reserved to the Commissioner, and is contradicted by his discussion of work which might be appropriate for the claimant in several months." Tr. 23.

The fact that the plaintiff visited Dr. Taylor only four times does not mandate that Dr. Taylor's opinion be rejected, especially in light of the fact that the ALJ credited the opinion of Dr. Patti, who never examined the plaintiff. Also, many people in plaintiff's economic position do not have the option of consistency with their health care providers, and the plaintiff should not be penalized for this fact.

The ALJ also rejected Dr. Taylor's opinion because the ALJ asserted that the opinion did not cover the appropriate factors involved in determining disability. The appropriate factors for physicians to use are: 1) activities of daily living; 2) social functioning; 3) concentration, persistence, or pace; and 4) episodes of decompensation. 20 C.F.R. § 416.920a©)(3). Dr. Taylor used two of these factors in offering his opinion of the plaintiff's ability to function. Dr. Taylor discussed the plaintiff's social functioning, stating that "she is fearful of people" and wants to "minimize contact with people." Tr. 870.

10   - OPINION AND ORDER

Her social functioning was also relevant to Dr. Taylor's diagnoses of post-traumatic stress disorder, bi-polar disorder, and panic disorder with agoraphobia. Tr. 869. Dr. Taylor also discussed the plaintiff's concentration and persistence in his opinion, stating that the plaintiff had difficulty keeping orders straight when working as a waitress, and that he doubted she could perform the forty hours per week in a sustained, satisfactory way. Tr. 870. These were appropriate factors for Dr. Taylor to use in his opinion and the ALJ erred in using them as a basis for rejecting Dr. Taylor's opinion.

The ALJ also rejected Dr. Taylor's opinion that the plaintiff's mental impairments would likely keep her from sustaining full-time work because this conclusion was allegedly inconsistent with Dr. Taylor's discussion of "work which might be appropriate for the claimant in several months." Tr. 23. Dr. Taylor reported that the plaintiff "will probably look for a job as a Hotel/Motel maid." Tr. 870. Dr. Taylor went on to state that "she has a history of back problems and fears that working as a hotel maid would probably aggravate that problem." Tr. 870. Dr. Taylor's conclusion was that "some amount of work and some kinds of work activity are probably helpful for her... [h]owever, I am very doubtful that she can carry out a job requiring 40 hours or more per week of sustained satisfactory performance, and not more than 2 days off per month for doctors' visits and other special needs." Tr. 870. The discussion of the plaintiff's intent to look for future or part-time work is not inconsistent with this conclusion. The ALJ erred in rejecting Dr. Taylor's opinion for alleged inconsistencies.

11 - OPINION AND ORDER

For the above reasons, the ALJ erred in rejecting Dr. Taylor's opinion that the plaintiff's mental impairments would likely keep her from sustaining full-time work.

**3. Dr. Wicher's Opinion**

The plaintiff argues that the ALJ implicitly rejected Dr. Wicher's opinion, because the ALJ's finding that the plaintiff was capable of sustained full time employment was inconsistent with Dr. Wicher's opinion. Plaintiff's Brief p. 22, Tr. 19. The defendant correctly states that Dr. Wicher noted that the plaintiff's psychological symptoms did not prevent the plaintiff from working in the past, and that Dr. Wicher believed that the plaintiff could continue to work successfully despite these difficulties. Defendant's Brief at 13, Tr. 342. However, both the defendant and the ALJ failed to note that although Dr. Wicher opined that by themselves the plaintiff's mental problems would not preclude her from returning to work, Dr. Wicher also stated that "[i]n combination with her physical limitations, her problems with emotional lability and the resultant concentration deficits and problems with persistence could certain (sic) make it more difficult for her to sustain gainful employment." Tr. 342-343. The ALJ's findings disregarded this part of Dr. Wicher's opinion, and because the ALJ did not take the opinion into account in its entirety, the findings are inconsistent with the opinion. This inconsistency is an implicit rejection which the ALJ failed to give specific and legitimate reasons to support.

The ALJ erred in rejecting Dr. Wicher's opinion that plaintiff's combination of mental and physical problems would

12  - OPINION AND ORDER

make it difficult for her to sustain employment.

### 4. Opinions Are Credited

Because the ALJ failed to give legitimate reasons for rejecting the opinions of the plaintiff's treating and examining physicians, the opinions are credited as a matter of law. Lester, 81 F.3d at 834 (quoting Hammock v. Bowen, 879 F.2d 498, 502 (9th Cir. 1989)).

### 5. Opinions Establish Disability

The plaintiff alleges that when the improperly rejected evidence is credited, it establishes that she is disabled, and therefore the court should remand her case for an award of benefits. An award of benefits is appropriate when: (1) the ALJ failed to give legally sufficient reasons for rejecting evidence; (2) no outstanding issues remain; and (3) it is clear the ALJ would be required to award benefits when the improperly rejected evidence is credited. Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.), cert. denied, 531 U.S. 1038 (2000).

As discussed above, the first element is met in that the ALJ failed to give legally sufficient reasons for rejecting the opinions of the plaintiff's treating physicians. The second element is also met as no outstanding issues remain.

Finally, the third element is also satisfied. According to the vocational expert at plaintiff's hearing, a person whose concentration varied such that it was sometimes as much as markedly impaired would have problems performing and sustaining the jobs identified by the ALJ. Tr. 944-48. Drs. Taylor and Wicher opined that the plaintiff has limitations in her ability to concentrate and work at a sustained pace. Tr. 870, 342-343.

13   - OPINION AND ORDER

The vocational expert opined that if a person had to take periodic breaks outside the normal rest periods they would have difficulty sustaining employment. Tr. 949-951. Dr. Nolan opined that the plaintiff would have to take such periodic breaks due to her back pain. Tr. 835. Finally, the vocational expert opined that a worker would not be able to sustain employment if she was absent two or more days per month for doctors' visits or other special needs. Tr. 951. Dr. Taylor opined that the plaintiff would miss more than two days of work per month for such needs. Therefore, the opinion of the vocational expert, when considered along with the opinions of Drs. Nolan, Taylor, and Wicher, mandates a finding that the plaintiff is disabled.

Because the criteria of Harmon v. Apfel is met, this court finds that an award of benefits is appropriate. Moreover, because the error found by this court allows a reversal of the ALJ's decision, the court declines to address plaintiff's remaining allegations of error.

## CONCLUSION

The Commissioner's decision is not based on substantial evidence, and is therefore reversed and remanded for payment of benefits.

IT IS SO ORDERED.

Dated this 21 day of June 2005.

_____
Ann Aiken
United States District Judge

14   - OPINION AND ORDER